**KOLLER LAW LLC**
David M. Koller, Esquire                                          *Attorney for Plaintiff*
ATTY ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN ZAYAS,** | : | |
| **4140 Maywood Street** | : | **Civil Action No.** |
| **Philadelphia, PA 19124** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **COLUMBIA SUSSEX MANAGEMENT, LLC** | : | |
| **d/b/a RENAISSANCE PHILADELPHIA** | : | |
| **AIRPORT HOTEL** | : | **COMPLAINT AND JURY** |
| **500 Stevens Drive** | : | **DEMAND** |
| **Philadelphia, PA 19113** | : | |
| | : | |
| **740 Centre View Boulevard** | : | |
| **Crestview Hills, KY 41017** | : | |
| **Defendant.** | : | |
| | : | |

### CIVIL ACTION

Plaintiff Edwin Zayas, by and through his attorney, brings this civil matter against Defendant Columbia Sussex Management, LLC d/b/a Renaissance Philadelphia Airport Hotel for violations of the Wage Payment Collection Law ("WPCL"), Fair Labor Standards Act ("FLSA") and Minimum Wage Act ("MWA"), and avers and alleges as follows:

### INTRODUCTION

1. In this action, Plaintiff seeks damages from Defendant under federal law, including the Fair Labor Standards Act; and state law, including the Pennsylvania minimum wage law.

1

2.  Defendant employed Plaintiff as a Houseman from June 2016 until his termination on September 16, 2016.

3.  Defendant failed to compensate Plaintiff for all hours worked, for overtime hours worked and improperly withheld wages from Plaintiff's paycheck without approval or authorization.

## THE PARTIES

4.  The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5.  Plaintiff is an adult male domiciled at the above captioned address.

6.  Defendant Columbia Sussex Management, LLC d/b/a Renaissance Philadelphia Airport Hotel (hereinafter "Defendant") is a hotel company with a location at 500 Stevens Drive, Philadelphia, PA 19113 and with a headquarters located at 740 Centre View Boulevard, Crestview Hills, KY 41017.

7.  Plaintiff began his employment with Defendant in June 2016 and was employed at Defendant's 500 Stevens Drive, Philadelphia, PA 19113 location.

8.  At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

9.  The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of

2

operative facts.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

13. This Court is empowered to issue a declaration judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL SUMMARY

14. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. In June 2016, Plaintiff was hired by Defendant.

16. Plaintiff's position was a Houseman.

17. Plaintiff was well qualified for his position and performed well.

18. Plaintiff was paid hourly at a specified hourly rate. As such, he was entitled to receive time and a half pay for any and all hours he worked above forty in a given week.

19. In Plaintiff's first week of employment he worked approximately 50 hours.

20. Plaintiff received his first paycheck and was shocked to learn that he was not being paid for all hours worked.

21. Moreover, Plaintiff did not receive any overtime pay as a result of the failure to pay him for all hour worked during that week.

22. Plaintiff immediately complained to Trea LNU, Banquet Manager, about the incorrect hours on his paycheck and his lack of overtime pay.

23. Trea informed Plaintiff that she would address it but, upon information and belief, she took no action or at least never informed Plaintiff that anything was done to address Plaintiff's

3

concerns.

24. Plaintiff continued thereafter to work more than forty hours per week during subsequent weeks, and was not paid any overtime.

25. At one point in or around July 2016, Plaintiff worked 12-hour shifts for 21 days straight.

26. Plaintiff was not paid any overtime for this time period either; and the hours for which he was paid did not reflect the true number of hours he actually worked.

27. Plaintiff continued to complain to Trea upon receiving his paycheck about the incorrect recorded hours and his lack of overtime pay.

28. Upon information and belief, Treat took no action to address Defendant's failures.

29. On September 14, 2016, Trea instructed Plaintiff to train another coworker.

30. Plaintiff informed Trea that he could do this but, he wanted to be compensated for training a coworker and wanted his pay corrected.

31. Trea then escorted Plaintiff to the office of Phil LNU, General Manager.

32. Phil then suspended Plaintiff for alleged insubordination.

33. Plaintiff was not being insubordinate.

34. On September 16, 2016, Phil called Plaintiff at home and informed him that he was terminated from Defendant for insubordination.

35. Defendant terminated Plaintiff for complaining about its unlawful acts and failure to pay Plaintiff wages due and owed to him.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

36. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

4

37. Defendant employed Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C.

    § 203(d).

38. Defendant, as outlined more fully above, willfully refused to pay Plaintiff overtime wages

    and minimum wages, in violation of 29 U.S.C. §§ 206(a), (f) and the U.S. Department of

    Labor regulations.

## COUNT II – FAILURE TO PAY WAGES
## WAGE PAYMENT AND COLLECTION LAW

39. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

    the same were set forth more fully at length herein.

40. Plaintiff was hired as an employee by Defendant.

41. Defendant refused to pay Plaintiff the proper amount that he is owed.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## COUNT III – PENNSYLVANIA MINIMUM WAGE VIOLATIONS
## PENNSYLVANIA WAGE PAYMENT LAW

42. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

    the same were set forth more fully at length herein.

43. Defendant, as outlined more fully above, intentionally and willfully failed to pay and refused

    to pay Plaintiff minimum wages, in violation of Pennsylvania Minimum Wage Payment Law.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## COUNT IV
## UNJUST ENRICHMENT

44. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if

the same were set forth more fully at length herein.

45. Plaintiff rendered services as a Houseman to Defendant in expectation of compensation for such services.

46. Defendant accepted these services and, in turn, failed to compensate Plaintiff for the fair market value of his services.

47. From June 2016 to September 16, 2016, Defendant accepted service from Plaintiff for which it failed to compensate Plaintiff.

48. Defendant has been unjustly enriched at the expense of Plaintiff.

49. As a direct and proximate result of these actions, Plaintiff has sustained damages to be determined at trial.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V
## FLSA RETALIATION

50. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

51. Plaintiff engaged in activity protected by the FLSA.

52. Plaintiff complained of improper compensation and lack of overtime pay internally by reporting the same to his supervisor.

53. Thereafter, Defendant took adverse employment action against Plaintiff, including, but not limited to, termination.

54. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

6

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Edwin Zayas, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's violation of the WPCL, FLSA and MWA;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the WPCL, FLSA and MWA.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

7

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KØLLER LAW LLC

Date: September 29, 2017           By:

David M. Koller, Esquire – 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826

8